ALD-170                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4763
_____

BARRY E. SHELLEY,
                                        Appellant
v.

JEFFREY L. MULLEN, Adult Probation/Parole (Supervisor);
SCOTT W. WALKER, Adult Probation/Parole (Officer);
EDWARD BAKALE, Adult Probation Parole (Officer);
WALTER M. FELA, P.S.I. Investigator (Officer)

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 09-CV-00182)
District Judge:  Honorable Maurice B. Cohill, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed:  May 2, 2011)
_____

OPINION
_____

PER CURIAM

        Barry E. Shelley appeals from an order of the United States District Court for the

Western District of Pennsylvania that dismissed his civil rights complaint.  Because the

appeal raises no substantial question, we will summarily affirm the District Court's

judgment. L.A.R. 27.4.

Shelley's complaint, filed in July 2009 while he was an inmate at a state prison, contained allegations that his rights were violated in connection with the revocation of his probation or parole in 2000, allegations that his rights were violated when incorrect or miscalculated information was included in his pre-sentence report in advance of his 2003 sentencing, and an allegation that his sentence was not correct. The defendants filed a motion to dismiss, and on October 12, 2010 the Magistrate Judge entered an order directing Shelley to respond to the motion to dismiss by the end of the month. On October 28, 2010, Shelley filed a "Motion for Enlargement of Time," asking the Court to enlarge the time to respond to allow him "to review records to further proceedings."

The Magistrate Judge noted that Shelley had not responded to the motions to dismiss over a four-month period, and had not explained why he needed more time to respond. After applying the factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), the Magistrate Judge recommended that the Court dismiss the complaint as a sanction. The Magistrate Judge also found that Shelley's complaint was meritless and that its claims were barred by the statute of limitations. Shelley did not file objections to the Report and Recommendation. The District Court then adopted the Report and Recommendation as the opinion of the Court, granted the defendants' motion to dismiss, denied Shelley's motion for an extension of time, and dismissed the complaint. Shelley filed a timely notice of appeal.

We apply de novo review to a district court's decision to dismiss a complaint for failure to state a claim. Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). We may affirm the District Court's judgment for any reason supported by the record. Brightwell v. Lehman, No. 07-3917, 2011 WL 635274, *2 (3d Cir. Feb. 9, 2011) (citation omitted). Because we agree with the District Court's decision to grant the motion to dismiss, we will affirm on that basis, and need not reach the question of whether a dismissal pursuant to Poulis was proper.

When considering a civil rights claim, federal courts apply the relevant state's statute of limitations for personal injury actions. Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). For § 1983 actions originating in Pennsylvania, a two-year statute of limitations applies. Id.; 42 Pa. Cons. Stat. § 5524. All of the events complained of in Shelley's complaint occurred well outside the limitations period. To the extent Shelley's complaint sought damages based on the alleged unconstitutionality of the terms of his parole or sentence, Shelley was required to prove that the conviction or sentence no longer stands. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Shelley did not allege that his conviction or sentence has been invalidated, and it does not appear that any collateral relief would be available at this late date. Because all of Shelley's claims were either barred by the statute of limitations or under the principles of Heck, the District

3

Court properly dismissed the complaint.[1]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[1] Although the District Court failed to permit Shelley to amend before dismissing the complaint with prejudice, this was not error as any amendment would have been futile. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (leave to amend should be afforded in cases where party is proceeding in forma pauperis unless granting such leave would be inequitable or futile).